2012 MAY 30 AM 11: 15

SOUTH... ......... .........

BY____*Dam*

1
2
3
4
5
6
7
8 **UNITED STATES DISTRICT COURT**
9 **SOUTHERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| ARNOLD LAMONT JOHNSON, CDCR #J-89097,<br><br>                                    Plaintiff,<br><br>vs.<br><br>KAMALA HARRIS, Attorney General,<br><br>                                    Defendant. | Civil No.    12cv1231 WQH (DHB)<br><br>**(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350.00 BALANCE FROM INMATES'S TRUST ACCOUNT; and**<br><br>**(2) DISMISSING ACTION WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[ECF No. 2]** |

        Arnold Lamont Johnson ("Plaintiff"), a state prisoner currently incarcerated at the California Men's Colony located in San Luis Obispo, California, and proceeding pro se, has submitted a civil rights Complaint pursuant to 28 U.S.C. § 1983. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 2].

/ / /

/ / /

# I.

## MOTION TO PROCEED IFP [ECF No. 2]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has submitted an affidavit which complies with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

1 *v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213

2 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

3       Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only

4 frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C.

5 §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule

6 on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal

7 pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires

8 a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v.*

9 *Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to

10 amend, however, unless it determines that "the pleading could not possibly be cured by the

11 allegation of other facts" and if it appears "at all possible that the plaintiff can correct the

12 defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir.

13 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

14       "[W]hen determining whether a complaint states a claim, a court must accept as true all

15 allegations of material fact and must construe those facts in the light most favorable to the

16 plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2)

17 "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal

18 construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258,

19 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that

20 were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

21 (9th Cir. 1982).

22       As currently pleaded, the Court finds that Plaintiff's Complaint fails to state a cognizable

23 claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a

24 claimant: (1) that a person acting under color of state law committed the conduct at issue, and

25 (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the

26 Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S.

27 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986);

28 *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

## A.    Heck Bar

In his Complaint, Plaintiff alleges that his Fourteenth Amendment due process rights have been violated because Kamala Harris, the Attorney General for the State of California, has "breached" Plaintiff's plea agreement. (Compl. at 2.)  However, these claims amount to an attack on the constitutional validity of Plaintiff's criminal proceeding, and as such, may not be maintained pursuant to 42 U.S.C. § 1983 unless and until he can show that his criminal conviction has already been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

"In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc).  A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973).  The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489).  Thus, Plaintiff's § 1983 action "is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, Plaintiff's claims "necessarily imply the invalidity" of his criminal conviction and sentence resulting from the plea agreement. *Heck*, 512 U.S. at 487.  In creating the favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. This is precisely what Plaintiff attempts to accomplish here. Therefore, to satisfy *Heck's* "favorable termination" rule, Plaintiff must first allege facts which show that the conviction which forms the basis of his § 1983 Complaint has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

1  Plaintiff's Complaint alleges no facts sufficient to satisfy *Heck*. Accordingly, because
2  Plaintiff seeks to hold the Defendant liable for allegedly unconstitutional criminal proceedings,
3  and because he has not shown that his conviction has been invalidated, either by way of direct
4  appeal, state habeas or pursuant to 28 U.S.C. § 2254, a section 1983 claim cannot be maintained,
5  *see Heck*, 512 U.S. at 489-90, and his Complaint must be dismissed without prejudice. *See*
6  *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (finding that an action barred
7  by *Heck* has not yet accrued and thus, must be dismissed without prejudice so that the plaintiff
8  may reassert his § 1983 claims if he ever succeeds in invalidating the underlying conviction or
9  sentence); *accord Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997).

10  For these reasons, the Court finds that Plaintiff's Complaint fails to state a constitutional
11  claim upon which § 1983 relief can be granted, and thus, this action must be dismissed pursuant
12  to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213
13  F.3d at 446.

14  ### III.

15  #### CONCLUSION AND ORDER

16  Good cause appearing, **IT IS HEREBY ORDERED**:

17  1.  Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 2] is
18  **GRANTED**.

19  2.  The Secretary of California Department of Corrections and Rehabilitation, or his
20  designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee
21  owed in this case by collecting monthly payments from the account in an amount equal to twenty
22  percent (20%) of the preceding month's income and forward payments to the Clerk of the Court
23  each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).
24  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER
25  ASSIGNED TO THIS ACTION.

26  3.  The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate,
27  Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502,
28  Sacramento, California 95814.

1    **IT IS FURTHER ORDERED** that:

2        4.    Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief

3    may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b).   However, Plaintiff is

4    **GRANTED** thirty (30) days leave from the date this Order is "Filed" in which to file a First

5    Amended Complaint which cures all the deficiencies of pleading noted above.   Plaintiff's

6    Amended Complaint must be complete in itself without reference to the superseded pleading.

7    *See* S.D. Cal. Civ. L. R. 15.1.   Defendants not named and all claims not re-alleged in the

8    Amended Complaint will be deemed to have been waived.   *See King v. Atiyeh*, 814 F.2d 565,

9    567 (9th Cir. 1987).   Further, if Plaintiff's Amended Complaint fails to state a claim upon which

10   relief may be granted, it may be dismissed without further leave to amend and may hereafter

11   be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-

12   79 (9th Cir. 1996).

13       5.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

14   DATED: ____5/29/12____        _____

15                                     HON. WILLIAM Q. HAYES
16                                     United States District Judge

17

18

19

20

21

22

23

24

25

26

27

28